Singh v. Lynch

BIA
Poczter, IJ
A200 944 743

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT:
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

VARINDER JIT SINGH,
        *Petitioner,*

        v.                                          15-1498
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Jeffrey J. Estrella, Pannun Law
                        Firm, Jackson Heights, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Kiley
                        Kane, Senior Litigation Counsel,
                        Office of Immigration Litigation;
                        Jeffrey R. Meyer, Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Varinder Jit Singh, a native and citizen of India, seeks review of an April 7, 2015, decision of the BIA affirming a March 6, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Varinder Jit Singh,* No. A200 944 743 (B.I.A. Apr. 7, 2015), *aff'g* No. A200 944 743 (Immig. Ct. N.Y. City Mar. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances," the agency may "base a credibility determination on" the consistency in the

2

applicant's statements "without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

Singh alleged past persecution and a fear of future persecution from India's Congress Party due to his Sikh religion and political affiliation with the Shiromini Akali Dal (Amritsar) ("SAD(A)") party. The IJ reasonably found that Singh's testimony was not credible due to a number of inconsistencies and omissions among his testimony, border and credible fear interviews, and documentary evidence.

First, as the IJ found, Singh made inconsistent statements as to whom he feared in India: in his border patrol interview, Singh stated that he feared Muslims, while in his credible fear interview, asylum application, and testimony, he stated that he feared the Congress Party. The IJ was not required to credit Singh's explanation that he was exhausted during the border patrol interview and did not know what he was saying: Singh was able to answer the other questions posed during that interview. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to

3

secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted; emphasis in original)).

Singh's claim was further called into question by his omission of details about an encounter with Congress Party supporters in 2003. Singh testified that Congress Party supporters forcibly cut his hair and slapped him; he omitted the slap from his credible fear interview. Similarly, Singh testified that his father reported the incident to the police, but omitted that fact from both his credible fear interview and asylum application. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are, for [credibility] purposes, functionally equivalent.")

Singh's credibility was also undermined by his documentary evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). An affidavit from a SAD(A) representative reported that Singh was a "victim of police atrocities." But Singh made no such claim, and testified that he did not know why the SAD(A) representative would write that in the affidavit.

Finally, the IJ identified a major omission. Singh testified that his father disappeared from his fields in India in May or June 2012. The IJ reasonably relied on the omission

4

of that disappearance from Singh's mother's September 2012 letter in support of Singh's application. *See Xiu Xia Lin*, 537 F.3d at 167 (omission from parent's letter can raise doubt as to applicant's credibility).

These multiple inconsistencies provide substantial evidence to support the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk